UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA


FIREFIGHTER'S PENSION &                        CIVIL ACTION
RELIEF FUND OF THE CITY OF
NEW ORLEANS

VERSUS                                         NO: 13-3935

T. PAUL BULMAHN, et al.                        SECTION: "J" (1)


                             **ORDER AND REASONS**

   Before the Court are competing Motions to Appoint Lead Plaintiff and Lead Counsel pursuant to Section 21D of the Securities and Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1 (Rec. Docs. 22, 24, 28, 29), the movants' oppositions thereto (Rec. Docs 48, 49, 50, 52), and Movant Plumbers and Pipefitters Pension Fund's reply memorandum (Rec. Doc. 56). The motions were set for hearing on August 14, 2013. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds Plumbers and Pipefitters National Pension Fund's motion (Rec. Doc. 29) should be GRANTED

                                       1

for the reasons set forth more fully below. The remaining motions must therefore be DENIED.

## **PROCEDURAL HISTORY AND BACKGROUND FACTS**

This matter arises out of a proposed securities class action, brought by Firefighter's Pension and Relief Fund of the City of New Orleans ("Firefighters"), on behalf of a Class of investors who purchased or otherwise acquired ATP Oil & Gas Corporation ("ATP") 11.875% Second Lien Exchange Notes ("ATP Notes") traceable to a December 16, 2010 Exchange ("the December Exchange") of approximately $1.5 billion in such Notes. The Defendants in the current action are: ATP Chairman and Chief Executive Officer T. Paul Bulmahn; Chief Financial Officer Albert L. Reese, Jr.; Chief Accounting Officer Keith R. Godwin; Company Directors Chris A. Brisack, Arthur H. Dilly, Gerard J. Swonke, Brent M. Longnecker, Walter Wendlandt, Burt A. Adams, George R. Edwards, and Robert J. Karow; and Exchange underwriter J.P. Morgan Securities, Inc. ("Defendants").

Firefighters filed a class action complaint on May 24, 2013 alleging violations of certain provisions of the Securities Act of 1933 ("Securities Act"), and, on the same day published a notice of their class action on *Globe Newswire.* Within 60 days of the initial publication of this notice, motions for appointment

as Lead Plaintiff were filed by: Firefighters (Rec. Doc. 24); Summit Capital Management, LLC (Rec. Doc. 22); Armada Advisors, Inc. (Rec. Doc. 28); and Plumbers and Pipefitters National Pension Fund (Rec. Doc. 29) (collectively, "Plaintiffs and Movants"). Summit, however, filed a notice of withdrawal on August 13, 2013 (Rec. Doc. 61), thereby removing itself from consideration for appointment as Lead Plaintiff.

All of the moving parties present a similar set of facts. They allege that ATP engages in acquiring, developing, and producing oil and natural gas properties primarily in the Gulf of Mexico and the United Kingdom sector of the North Sea. The parties allege that the U.S. Department of the Interior's drilling moratorium ("Moratorium"), put into effect following the Deepwater Horizon explosion and resultant oil leak, had a severe impact on ATP, causing them to file for Chapter 11 bankruptcy. During the bankruptcy proceedings, the parties allege that it became known that ATP, in connection with the December Exchange, filed a Registration Statement and Prospectus with the Securities and Exchange Commission ("SEC") wherein it failed to disclose: (1) the extent to which the Company's business and revenues would be negatively impacted by the Moratorium; and (2) that ATP was involved in asset sales that were, in reality, disguised

financing arrangements designed to evade the requirements under a $150 million credit agreement administered by Credit Suisse AG. It is alleged that, as this information emerged, the value of the Notes began to drop precipitously. As of the filing of the current action, the parties allege that the Notes were trading at around four cents on the dollar.

Firefighters claims to have suffered losses of $1,272,656.10 as a result of its purchase of ATP Notes traceable to the December Exchange and proposes the law firm Scott+Scott, Attorneys at Law, LLP as lead counsel and Zwerling, Schacter & Zwerling, LLP as co-lead counsel.

Movant Armada Advisors, Inc. ("Armada") alleges to have suffered losses of $1,805,162.22 as a result of its purchase of ATP Notes traceable to the December Exchange and proposes the law firm Glancy Binkow & Goldberg LLP as lead counsel and The Law Offices of Eric O'Bell as liaison counsel.

Movant Plumbers and Pipefitters National Pension Fund ("Plumbers") alleges to have purchased $8.5 million of ATP Notes traceable to the December Exchange and suffered losses of $6 million as a result of its purchase. Plumbers proposes the law firm Robbins Geller Rudman & Downd LLP as lead counsel for the class.

4

**PARTIES' ARGUMENTS**

Plaintiffs and Movants advance nearly identical arguments in their motions to be appointed as Lead Plaintiff. They assert that, pursuant to the PSLRA, the first plaintiff to file a complaint has twenty days from that filing to publish a notice of the class action law suit. Plaintiffs and Movants maintain that any purported class member may then move to be appointed Lead Plaintiff within sixty days of the publication of the notice, and that the Court must determine within 90 days of the notice which of the moving parties will serve as Lead Plaintiff.

Plaintiff and Movants each argue that it is presumed to be the most adequate plaintiff, and that another Class member cannot rebut that presumption. Plaintiffs and Movants assert that a class member is presumed to be the most adequate plaintiff when (1) the class member timely filed a motion to be appointed as Lead Plaintiff, (2) the class member has the greatest financial interest, and (3) the class member satisfies the adequacy and typicality requirements of Federal Rule of Civil Procedure 23(c). All moving parties allege that they timely moved to be appointed as Lead Plaintiff. Moreover, all moving parties allege that they are, to the best of their knowledge, the party with the largest financial loss. Firefighters alleges to have suffered losses of

$1,272,656.10, Armada alleges to have suffered losses of $1,805,162.22, and Plumbers alleges to have suffered losses of $6 million. All moving parties allege that they have claims typical of the class because they all purchased ATP Notes and suffered losses due to ATP's alleged misrepresentation and/or omissions. Finally, all moving parties contend that they have retained competent, adequate counsel and that they do not have any interests adverse to the Class.

Plaintiffs and Movants all filed responses to the foregoing motions. Firefighters conceded that it is not the presumptive Lead Plaintiff because it does not have the largest financial interest, and, though it does not waive its rights to serve as Lead Plaintiff if necessary, Firefighters urges the Court to appoint Plumbers.[1]

Plumbers alleges that Armada is an investment advisor who does not own ATP securities, and therefore does not have Article III standing. Plumbers also argues that Firefighters cannot serve

---

[1] Firefighters opposed the appointment of Summit as Lead Plaintiff, despite the fact that it alleged the greatest losses, alleging that Summit improperly inflated its losses and has claims that are atypical of the Class. Specifically, Firefighters alleged that Summit included purchases from ATP that occurred before the December Exchange at issue. Moreover, because Summit is an investment advisor that does not own any ATP securities itself, Firefighters argued that Summit lacks standing and is thus atypical of the Class. Plumbers raised the same standing issues in regards to Summit, and Armada raised the same loss inflation issues. All of these arguments, however, are moot due to Summit's withdrawal of its motion.

as Lead Plaintiff because it improperly calculated its losses and attempts to saddle the proceedings with unnecessary co-counsel, which leads to more expense and complicates the proceedings.

Armada did not present any challenges to the appointment of Plumbers or Firefighters.

## LEGAL STANDARD & DISCUSSION

**A. Legal Standard**

The plaintiff who files the initial action must, within 20 days of filing the action, must publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, regardless of whether they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Within 90 days of the publication of the initial notice, the Court must appoint as Lead Plaintiff the member or members of the purported Class that "are most capable of adequately representing the interests of all class members." 15 U.S.C. 77z-1(a)(3)(B)(I). In making this determination:

> the [C]ourt shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—

>   (aa) has either filed the complaint or made a motion in response to a notice;
>
>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). This presumption may only be overcome upon proof that the movant will not fairly and adequately represent the Class or that the movant will be subject to unique defenses that will render him incapable of adequately representing the class. 15 U.S.C. 77z-1(a)(3)(B)(iii)(II).

**B. Determination of Presumptive Lead Plaintiff**

Plaintiffs and Movants generally agreed in their oppositions to the instant motions that Summit asserted the largest financial interest. However, as Summit withdrew its motion, the Court finds that Plumbers is the most adequate plaintiff for the reasons discussed below.

**1. Filed Complaint or Timely Moved to Serve as Lead Plaintiff**

Firefighters published notice of their filing of the class action in *Globe Newswire* on May 24, 2013. Therefore, any class member seeking appointment as lead counsel must have made a motion in this Court by July 23, 2013, and this Court must appoint a Lead Plaintiff by August 22, 2013. All Plaintiffs and

Movants filed their motions to appoint lead plaintiff and lead counsel on July 23, 2013, which was within the prescribed 60-day period for filing such motions. Therefore, the Court finds that Plaintiffs and Movants, including Plumbers, timely filed to serve as Lead Plaintiff.

### 2. Largest Financial Interest[2]

Considering losses alone, Plumbers clearly has the largest financial interest, alleging losses of approximately $ 6 million, with the two remaining parties alleging losses of around $ 1.8 million (Armada) and $ 1.27 million (Firefighters). Therefore, Plumbers asserts the largest financial interest among the movants.

### 3. FED. R. CIV. PRO. 23 Requirements

Although Federal Rule of Civil Procedure 23 lists four requirements, Plaintiffs and Movants all agree that courts have held that those seeking to be appointed as lead plaintiff need only make a preliminary showing of typicality and adequacy. Tarica, 2000 WL 377817 at *4. Typicality requires that "the

---

[2] Two competing methods for calculating losses have arisen: (1) the traditional first in/first out method, and (2) the last-in/ first out method which considers: "(1) number of shares purchased; (2) number of net shares purchased; (3) total net funds expended by plaintiffs during class period; and (4) approximate losses plaintiffs suffered." Tarica, 99-3831, 2000 WL 377817, *4 (E.D. La. Apr. 13, 2000)(Vance, J.); Thompson v. Shaw Grp., Inc., 04-1685, 2004 WL 2988503 (E.D. La. Dec. 14, 2004) (Berrigan, J.). This is not at issue in the current proceeding, however.

claims or defenses of the representative parties are typical of the claims or defenses of the class. FED. R. CIV. PRO. 23(a). "The Fifth Circuit has held that 'the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.'" Tarica, 2000 WL 377817 at * 4 (citing Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625 (5th Cir. 1999). Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. PRO. 23(a). Adequacy is generally divided into two inquires that consider the adequacy of both the proposed lead plaintiff and the proposed counsel. "[C]ounsel must be qualified, experienced, and able to prosecute the action vigorously, and the class representatives must not have interests antagonistic to the class member." Tarica, 2000 WL 377817 at * 4.

In its response to the foregoing motion, Firefighters endorses Plumbers as the best selection for Lead Plaintiff, and Armada did not raise any objections. Summit was the only movant to oppose Plumbers, and it has since withdrawn. Moreover, even had Summit not withdrawn its motion, the Court finds that its

arguments against Plumbers lacked merit.[3] Therefore, not finding any reasonable basis for deciding that Plumbers' claims are atypical of the class or that Plumbers or its counsel would inadequately serve the class, the Court finds that the presumption has not been rebutted and Plumbers is the most adequate plaintiff.

**C. Additional arguments**

Plumbers challenges the appointment of Armada as Lead Plaintiff because it is an investment advisor and therefore lacks Article III standing. Plumbers also challenges the appointment of Firefighters as Lead Plaintiff because it allegedly calculated losses improperly and attempts to add unnecessary co-counsel. At this time, however, these arguments need not be addressed because Plumbers fits the requirements needed to be appointed as Lead Plaintiff.

Accordingly,

**IT IS ORDERED** that Plumbers and Pipefitters National Pension

---

[3] Summit argued that Plumbers was ineligible because (a) Plumbers is the Lead Plaintiff in four other securities class actions, and (b) Plumbers did not submit enough information with which to accurately calculate its losses. The Court found no reason to bar Plumbers from serving as the Lead Plaintiff in this case. The statutory bar against professional plaintiffs, found in 15 U.S.C.A. § 77z-1(a)(3)(B)(vi), does not apply until the party is serving as Lead Plaintiff in *more than five* securities class actions. Moreover, even when the bar does apply, it is discretionary. <u>In re Enron Corp. Sec. Litig.</u>, 206 F.R.D. 427, 443 (S.D. Tex. 2002). Moreover, the Court found that there was no legal basis on which to reject Plumbers' loss allegations as true simply because they provided a transaction summary but did not provide calculations.

Fund's **Motion for Appointment of Lead Plaintiff and Lead Counsel** (Rec. Doc. 29) is **GRANTED.**

   **IT IS FURTHER ORDERED** that Plumbers and Pipefitters National Pension Fund be appointed Lead Plaintiff in the foregoing matter.

   **IT IS FURTHER ORDERED** that Robbins Geller Rudman & Downd LLP be and hereby are appointed as lead counsel.

   **IT IS FURTHER ORDERED** that, pursuant to the Consent Scheduling Order in this case (Rec. Doc. 45), Plumbers and Pipefitters National Pension Fund file an Amended Class Action Complaint within 45 (forty-five) days of the entry of this order, and that Defendants file an answer to Plumbers' complaint within 45 (forty-five) days of its filing.

   **IT IS FURTHER ORDERED** that Armada Advising, Inc and Firefighters Pension & Relief Fund of the City of New Orleans's motions (Rec. Docs. 24, 28) are **DENIED.**

   New Orleans, Louisiana this 15th day of August, 2013.

                              _____
                              CARL J. BARBIER
                              UNITED STATES DISTRICT COURT