UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIREFIGHTERS PENSION & RELIEF FUND OF THE CITY OF NEW ORLEANS, Individually and on Behalf of All Others Similarly Situated

CIVIL ACTION

VERSUS

NO: 13-3935, c/w 13-6083, 13-6084, 13-6233

T. PAUL BULMAHN, ET AL.

SECTION: R

## ORDER AND REASONS

Before the Court is Lead Plaintiff Firefighters Pension & Relief Fund's motion to sever the Section 11 action from the Section 10(b) actions. Because the Court finds that the interests of judicial economy outweighs any potential prejudice to the Section 11 plaintiffs, the motion for severance is DENIED.

**I. BACKGROUND**

This is a consolidated action alleging violations of the federal securities laws under Sections 11, 12(a) and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. The consolidated action involves two main plaintiff groups: the Section 11 plaintiffs and the Section 10(b) plaintiffs. Both plaintiff groups allege that ATP Oil & Gas, through its directors and/or officers ("Defendants"), "made false and misleading statements in an October 12, 2010

registration statement filed with the U.S. Securities and Exchange Commission."[1] The Section 10(b) plaintiffs contend that "Defendants issued false and misleading statements subsequent to the Registration Statement as well."[2] Both groups of plaintiffs contend that defendants made material misrepresentations or omissions with regard to the effect of the United States Department of Interior's drilling moratoria on ATP's liquidity and future business prospects in the wake of the BP oil spill.

The Section 11 plaintiffs now move the Court to sever the Section 11 action from the Section 10(b) actions. They argue that the Section 11 action arises from a different "transaction or occurrence" than the Section 10(b) actions, and that continued consolidation will unduly prejudice the Section 11 plaintiffs. Defendants do not oppose the severance "so long as steps are taken to efficiently coordinate potential discovery and other case management issues."[3]

## II. LEGAL STANDARD

The rules regarding consolidation are contained in Rule 42 of the Federal Rules of Civil Procedure. Rule 42(a) provides that a court may order consolidation when "actions before the court

---

[1] R. Doc. 130-1 at 5.

[2] Civ. A. No. 13-06083, R. Doc. 1 at 3.

[3] R. Doc. 148 at 1.

involve a common question of law or fact." Fed. R. Civ. P. 42(a). If that threshold requirement is met, then whether to consolidate the actions is within the broad discretion of the court. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985). In exercising its discretion,

> the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives.

*A.F.I.K. Holding SPRL v. Faas*, 216 F.R.D. 567, 570 (D.N.J. 2003)(internal citations omitted). Rule 42 is a codification of a trial court's inherent managerial power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)(citations omitted). Accordingly, the court's determination can "take precedence over the desires of counsel." *Id.* at 1014.

**III. DISCUSSION**

In their motion to sever, the Section 11 plaintiffs argue that the actions should be severed because (1) the actions arose out of different transactions; (2) the actions present different questions of law; (3) the consolidated action will not promote judicial economy; and (4) the Section 11 action "will likely" be ready for

3

trial before the Section 10(b) actions.[4] The Section 11 plaintiffs thus contend that severance is warranted under Federal Rule of Civil Procedure 21.

The Section 11 plaintiffs' reliance on Rule 21 is misguided. A Rule 21 motion to sever is the appropriate remedy when parties or claims are "misjoined" under Rules 18, 19 or 20. Fed. R. Civ. P. 21. Thus, a motion to sever under Rule 21 is an inappropriate mechanism to challenge a court's decision to consolidate. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (3d ed. 2008) ("[I]t would be a mistake to assume that the standard for consolidation is the same as that governing the original joinder of parties or claims."). Here, the Section 11 action and the Section 10(b) actions were consolidated under Rule 42(a), not joined under Rules 18, 19 or 20. Accordingly, Rule 21 is inapplicable. *See Iskowitz v. Cessna Aircraft Co.*, CIV. A. Nos. 07-968, 07-971, 07-1087, 08-2437, 2009 WL 1151956, at *1 (D. Colo. Apr. 27, 2009)("Of course, the Winston case is already separate from the Coffman and Iskowitz case, although all three cases have been consolidated. Because Winston is already a separate case, I conclude that severance under Rule 21 is not the proper procedural mechanism to accomplish the separation of the Winston case as sought by Coffman and Iskowitz.").

Moreover, the Court finds that the Section 11 plaintiffs have

---

[4] R. Doc. 130-1 at 10-14.

4

failed to demonstrate that the Section 11 and Section 10(b) claims were improperly consolidated, and finds continued consolidation more conducive to judicial economy than separation. The crux of the Section 11 plaintiffs' argument is that the Section 11 action arises from a "different transaction or occurrence" than the Section 10(b) actions.[5] Even if the Court were to accept the Section 11 plaintiffs' characterization, Rule 42 does not apply the "transaction or occurrence" test. *See State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995)("Even when actions are improperly joined, it is sometimes proper to consolidate them."); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (3d ed. 2008)("[M]ore than one party can be joined on a side under Rule 20(b) *only* if there is asserted on behalf or against all of them one or more claims for relief arising out of the same transaction or occurrence . . . . But the common question itself is enough to permit consolidation, even if the claims arise out of independent transactions."). Instead, Rule 42 merely requires a common question of law or fact, and the Section 11 and Section 10(b) actions share questions of both law and fact. For example, the falsity of ATP's statements in its prospectus is central to both actions, and the Section 11 plaintiffs readily admit that "the actions all involve allegations related to ATP's deep water

---

[5] R. Doc. 130-1 at 10-11.

drilling operations in 2010."[6]  Moreover, as defendants point out in their responsive briefing, "[m]uch of the underlying factual predicate for the Section 11 and Section 10(b) actions is identical, and will require the production of identical documents and depositions of the same individuals."[7]  Finally, although there are differences in the legal standards applicable to Section 11 and 10(b) claims, there are nevertheless some common questions of law, such as in the application of Item 303 of Regulation S-K.  *See also Kapps v. Torch Offshore, Inc.*, 379 F.3d 207, 215 (5th Cir. 2004) ("While it is true that scienter is not required [for a Section 11 claim], many cases say that 'materiality,' as it is used in Section 11, in effect means the same thing as it does in Section 10(b).")(compiling cases).

Having found that the Section 11 and Section 10(b) actions share common questions of law and fact, "it is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Daybrook Fisheries, Inc. v. Am. Marine Const.*, CIV. A No. 98-1438, 1998 WL 748586, at *2 (E.D. La. Oct. 19, 1998)(quoting 9 Wright & Miller, *Federal Practice and Procedure* § 2383 (2d ed. 1995)).  Here, given the significant factual overlap between the Section 11 and Section 10(b) actions, the Court finds that

---

[6] R. Doc. 130-1 at 13.

[7] R. Doc. 148 at 2.

continued consolidation will save significant time and effort, especially with regard to discovery. Moreover, the Court finds that any delay, inconvenience or additional cost caused by continued consolidation will be negligible. Indeed, the Section 11 plaintiffs' contention that consolidation comes at the expense of the Section 11 action because it "will almost certainly be ready for trial long before the Section 10(b) Action" is mere conjecture.[8] The Section 11 plaintiffs can move the Court to reconsider this order if and when such delay becomes a reality.

In sum, the Court finds that consolidation, not separation, best serves the interest of judicial economy. The Court further finds that the Section 11 plaintiffs will not suffer any prejudice if the actions remained consolidated. Accordingly, the Court denies the Section 11 plaintiffs' motion to sever the Section 11 and Section 10(b) actions. *Cf.* Fed. R. Civ. P. 42(b).

---

[8] R. Doc. 130-1 at 14.

**III. CONCLUSION**

For the reasons given above, the Court finds that the most efficient and economic route to the resolution of these actions is via continued consolidation. Accordingly, plaintiffs' motion for severance is DENIED.

New Orleans, Louisiana, this __26th__ day of September, 2014.

_____*Sarah Vance*_____

**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**